IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATE OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Criminal Action No. 19-00228-KD-B |
| ) | |
| DAVID BRIAN LARCHE, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This action is before the Court on the United States' unopposed motion pursuant to Fed. R. Crim. P. 36 and 32.2(b)(4)(B) to correct an error in the judgment and brief in support (docs. 162, 166). The United States argues that through oversight or omission on its part, forfeiture of certain firearms was not included in the judgment and the preliminary order of forfeiture was not attached (doc. 140). The order preliminarily forfeited the following:

    One Loaded North American Arms, .22 caliber revolver, serial number E140612;
    One Loaded Bersa, model 380, semi-automatic handgun, serial number 705349; and
    One Loaded Rossi, model 38 special, .38 caliber revolver, serial number 186555

(Doc. 128).

Rule 32.2(b)(4)(B) states that "[t]he court must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing. The court must also include the forfeiture order, directly or by reference, in the judgment, but the court's failure to do so may be corrected at any time under Rule 36." Rule 36 states that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record

arising from oversight or omission." Fed. R. Crim. P. 36.  Defendant Larche was given notice and an opportunity to respond (doc. 164) but did not.

The Court acknowledges that forfeiture of the firearms was not addressed at sentencing. However, upon consideration of the superseding indictment which included a count for forfeiture of the firearms (doc. 91), the written plea agreement which specifically included forfeiture of the firearms (doc. 124), the change of plea hearing at which Larche agreed to forfeiture of the firearms (doc. 157), the preliminary order of forfeiture (doc. 128), and the motion and brief (docs. 162, 166), the Court finds that the requirements of Rule 32.2(b)(4)(B) are met, which allows the Court to amend the judgment *nunc pro tunc* pursuant to Rule 36.

However, this action is on appeal (doc. 142).  Pursuant to Fed. R. App. P. 4(b)(5), the Court does not appear to have jurisdiction to amend the judgment pursuant to Rule 36 while an appeal is pending, despite the provisions of Rule 32.2(b)(4)(B). Fed. R. App. P. 4(b)(5) sets forth as follows:

> (5) Jurisdiction. The filing of a notice of appeal under this Rule 4(b) does not divest a district court of jurisdiction to correct a sentence under Federal Rule of Criminal Procedure 35(a), nor does the filing of a motion under 35(a) affect the validity of a notice of appeal filed before entry of the order disposing of the motion. The filing of a motion under Federal Rule of Criminal Procedure 35(a) does not suspend the time for filing a notice of appeal from a judgment of conviction.

Fed. R. App. P. 4(b)(5).

The Court of Appeals for the Eleventh Circuit has found that "when an appeal is filed, the district court is divested of jurisdiction 'over the matters at issue in the appeal, except to the extent that the trial court must act in aid of the appeal.'" United States v. Rodriguez, 2021 WL 3716405, at *2 (11th Cir. Aug. 23, 2021) (quoting Shewchun v. United States, 797 F.2d 941, 942 (11th Cir. 1986)).

In United States v. Carman, 933 F. 3d 614 (6th Cir. 2019), the Court explained as follows:

> A forfeiture order is "part of the [defendant's] sentence in the criminal case[.]" 28 U.S.C. § 2461(c); see also Fed. R. Crim. P. 32.2(b)(4)(B); *Libretti v. United States*, 516 U.S. 29, 38-39, 116 S.Ct. 356, 133 L.Ed.2d 271 (1995) ("Forfeiture is an element of the sentence[.]"). The issue of forfeiture thus fell within the "aspects of the case" as to which Carman's notice of appeal transferred adjudicatory authority to this court. *Griggs*, 459 U.S. at 58, 103 S.Ct. 400. And the district court's narrow authority to take "actions in aid of the appeal" did not include the authority to enter a forfeiture order. To the contrary, that order—which "ordered that the Judgment and Commitment Orders for [Carman] be amended," see R. 664 at 7721—"alter[ed] the case on appeal" by altering the sentence itself. *See Inland Bulk*, 332 F.3d at 1013 (internal quotation marks omitted). The district court therefore lacked authority to enter its forfeiture order months after Carman had filed her notice of appeal.
>
> A recent case from the First Circuit follows the same analysis. *See United States v. George*, 841 F.3d 55 (1st Cir. 2016). There—" 'with the consent of the parties,' " no less—the district court "deferr[ed] any decision on forfeiture" until after George's sentencing. *Id*. at 70. The court promptly entered its criminal judgment; George filed a notice of appeal the next day. *Id.* Almost two months later, the district court entered a forfeiture order. *See id.* The First Circuit held *sua sponte* that the district court lacked authority to do so. *Id.* at 70-71. The court observed that "shared jurisdiction almost always portends a potential for conflict and confusion"; that "a docketed notice of appeal suspends the sentencing court's power to modify a defendant's sentence"; and that "[t]his proscription extended to the court's attempt to introduce into the judgment, for the first time, a forfeiture order." *Id*. at 71 (internal quotation marks omitted). All of that reasoning applies here.

Carman, 933 F.3d at 617–18.

Accordingly, the Court does not have jurisdiction to amend the judgment.

**DONE** and **ORDERED** this 14th day of February 2022.

                **s / Kristi K. DuBose**
                **KRISTI K. DuBOSE**
                **UNITED STATES DISTRICT JUDGE**